UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

    Plaintiff,

-against-

SOCIAL SECURITY ADMINISTRATION; D. ZANNI; J. TERRY; IMA DISABILITY SERVICES,

    Defendants.

19-CV-6557 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his civil rights. By order dated September 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are taken from the complaint and the attached exhibits: On March 28, 2019, Plaintiff applied for Social Security disability benefits "thru [sic] third-party counsel." (ECF No. 1, at 2.) On May 14, 2019, the New York State Office of Temporary and Disability Assistance, under the signature of Defendant Disability Analyst D. Zanni, requested that Plaintiff complete and return additional forms. Plaintiff asserts that he submitted the requested information. On June 13, 2019, the Social Security Administration sent Plaintiff a letter indicating that it needed additional information to determine his eligibility and included a list of the requested information. That letter directed Plaintiff to speak with Defendant Mr. Terry if he had any questions. Plaintiff underwent an examination by Defendant IMA Disability Services ("IMA") in connection with his application for benefits. On July 17, 2019, the Social Security Administration denied Plaintiff's application for benefits because he did not provide the information that was requested. (*See id.* at 12.)

Plaintiff alleges that Defendants violated his right to due process and also asserts "denial of medical records, abuse of authority, neglect by staff members, l[y]ing, fraud, denial of civil rights violations [and] ineffective administration conduct [and] procedures." (*Id.* at 1.) He seeks punitive damages in the amount of $9.09 trillion, "administrative sanctions," and a written apology. (*Id.* at 4.)

## DISCUSSION

### A. Claims against D. Zanni, J. Terry, and IMA Disability Services

The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 that Defendants D. Zanni, J. Terry, and IMA Disability Services, violated his right to procedural due process. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person

acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth . . . Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) deprivation of that interest without due process." *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012). "A 'unilateral expectation' is not sufficient to establish a constitutionally protected property right. Rather, a plaintiff must have 'a legitimate claim of entitlement to' the alleged property interest." *Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012) (quoting *Regents of State Colls. v. Roth*, 408 U.S. 564, 576-77 (1972)) (first citation omitted).

It is well established that recipients of Social Security disability benefits have a property interest protected by the Due Process Clause. *See Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2005) (citing *Cook v. Principi*, 318 F.3d 1334, 1351 (Fed. Cir. 2002) (Gajarsa, J., dissenting)). Applicants for benefits, no less than recipients, possess such a property interest. *Kapps*, 404 F.3d at 113. But Plaintiff fails to allege facts suggesting that Defendants Zanni, Terry, and IMA failed to provide him with due process or had any personal involvement in the Social Security Administration's decision to deny his application for benefits. Zanni is an employee of the New York State Office of Temporary and Disability Assistance who sent a letter to Plaintiff requesting additional information. (ECF No. 1, at 6.) Terry is listed as a person at the Social Security Administration to whom Plaintiff may address any questions. (*Id.* at 8.) And IMA appears to be a private group of specialists that examined Plaintiff in connection with his application for benefits. (*Id.* at 10-11.) The Court therefore dismisses Plaintiff's claims against Defendants Zanni, Terry, and IMA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3

B.  **Claims against the Social Security Administration**

The Social Security Act permits claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g). If a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under § 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'").

The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner of Social Security. The second is the requirement that the administrative remedies of the Social Security Administration be exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge (ALJ); and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). Once the Appeals Council issues a final decision, the plaintiff may seek review of it in a federal district court.[1]

A plaintiff's failure to exhaust may be excused, either by the Commissioner or, under limited circumstances, by the courts. *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir.

---

[1] "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

1984). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts look to the following factors to excuse failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiff[] would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

Plaintiff does not allege that he has exhausted administrative remedies or received a final decision from the Commissioner of Social Security regarding his claims for benefits. The timing of Plaintiff's action – he filed this complaint twelve days after the Social Security Administration issued its initial decision – strongly suggests that Plaintiff did not receive a final determination from the Commissioner of Social Security. Plaintiff also does not set forth facts demonstrating that any failure to exhaust should be excused.

Because Plaintiff does not allege facts showing that this Court has jurisdiction under § 405(g) to hear his claims, his complaint cannot proceed at this time.

**C.     Supplemental jurisdiction over any state-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.     Leave to replead**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not clear that it would be futile to grant Plaintiff leave to replead his claim for review of the Social Security Administration's decision, the Court grants Plaintiff leave to assert any facts suggesting that he exhausted his administrative remedies or, if not, why the Court should excuse his failure to exhaust.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over any state-law claims that Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 28, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge